UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JANE NEWMAN and                                CIVIL ACTION
ROBERT NEWMAN

v.                                             NO. 06-3757

ALLSTATE INSURANCE COMPANY,                    SECTION "F"
CATHERINE C. HYMEL, and
CITIMORTGAGE, INC.

### ORDER AND REASONS

Before the Court is the plaintiffs' Motion to Remand and Request for Attorneys' Fees. For the reasons that follow, the motion is DENIED.

### Background

On August 29, 2005, Hurricane Katrina made landfall in Louisiana. The hurricane flooded and damaged the plaintiffs' home in New Orleans, and the plaintiffs filed a claim with Allstate, their flood insurance carrier, a Write-Your-Own (WYO) Program participant in the United States government's National Flood Insurance Program (NFIP). Allstate informed the plaintiffs that the policy was not in effect and had been cancelled in February 2005. The plaintiffs had held the policy since 1984, and plaintiffs state that the premiums were paid by their mortgage company.

Plaintiffs filed suit in state court on May 25, 2006, alleging bad faith and breach of contract. Allstate removed the lawsuit to

1

this Court, invoking this Court's original jurisdiction to adjudicate NFIP claims under 42 U.S.C. § 4072, federal question jurisdiction pursuant to 28 U.S.C. § 1331, federal officer removal jurisdiction under 28 U.S.C. § 1442, and original jurisdiction arising from any act of Congress regulating commerce under 28 U.S.C. § 1337.

The plaintiffs now move to remand their claims to state court, contending that removal was improper because the NFIP is not implicated because no policy was in effect at the time of the hurricane, and there is no diversity to justify federal jurisdiction.

I.

Although the plaintiffs challenge removal in this case, the removing defendants carry the burden of showing the propriety of this Court's removal jurisdiction. See Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993); Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988). In addition, any ambiguities are construed against removal, Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979), as the removal statute should be strictly construed in favor of remand. York v. Horizon Fed. Sav. and Loan Ass'n, 712 F. Supp. 85, 87 (E.D. La. 1989); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).

II.

The defendants removed this case on the bases of the original

jurisdiction of this Court, federal question, and federal officer removal.  See 42 U.S.C. § 4072 ("[T]he claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Director, may institute an action against the Director on such claim in the United States district court for the district in which the insured property ... shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy."); 28 U.S.C. § 1331; 28 U.S.C. § 1442 ("A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States...:  (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States  or of any agency thereof, sued in an official or individual capacity for any act under color of such office..."); 28 U.S.C. 1337 ("The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce....").

A.

"[U]pon removal the removal court should inspect the complaint carefully to determine whether a federal claim is necessarily presented, even if the plaintiff has couched his pleading exclusively in terms of state law. . . . The reviewing court looks to the substance of the complaint, not the labels used in it." In

3

re Carter, 618 F.2d 1093, 1101 (5th Cir. 1980) (internal citations omitted).  While the plaintiff's Motion to Remand insists that this case is about the procurement of an NFIP policy and points only to state law claims of negligence and breach of contract against the defendants, the plaintiffs original petition asserts that their long-held policy was improperly cancelled by the defendants and should have remained in effect at the time of their loss.  These claims suggest that the plaintiffs contest the manner in which Allstate administered the NFIP policy.

Courts have drawn a distinction between an NFIP participant's procurement of policies and the administration of existing policies.  Claims against agents and insurers for negligent acts or misrepresentations in the procurement of WYO policies on behalf of the NFIP may be remanded to state court.  See Wright v. Allstate Ins. Co., 415 F.3d 384, 389 n.3 (5th Cir. 2005); Sullivan v. State Farm & Casualty Co., 2006 WL 2119320 (E.D. La.) (Barbier, J.); Landry v. State Farm Fire & Casualty, 428 F. Supp. 2d 531 (E.D. La. 2006) (Fallon, J.).  However, both NFIP regulations and the same courts and others have recognized the preemptive nature of the NFIP of any claim arising from claims-handling and administration of a WYO flood insurance policy.  See 42 U.S.C. § 4072; 65 Fed. Reg. 60767 (Oct. 12, 2000) ("This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National

4

Flood Insurance Act of 1968, as amended (42 U.S.C. § 4001, et.seq.) and Federal common law."); Spence v. Omaha Indemnity Ins. Co., 996 F.2d 793, 796 (5th Cir. 1993); Sullivan, 2006 WL 2119320, at *3; Landry, 428 F. Supp. at 534-35.

This Court has original jurisdiction in this case under 42 U.S.C. § 4072. The plaintiffs' NFIP policy claims do not arise from initial procurement, but rather from the administration of an existing flood policy over many years; therefore, state law claims are preempted and federal jurisdiction exists. See Southpoint Villas Homeowners Assoc. v. Scottish Ins. Agency Inc., 213 F. Supp. 2d 586 (D.S.C. 2002).

B.

This Court has federal question jurisdiction under 28 U.S.C. § 1331. A WYO company such as the defendant, Allstate, has no authority itself to tailor or alter NFIP policies backed by the government. 44 C.F.R. §§ 62.23(c). Nor may it alter the requirements for policy renewal or cancellation. As explained in McCullough, H-01-3747, at *10, "WYO companies defend against claims but FEMA reimburses them for defense costs, 44 C.F.R. § 62.23(I)(6), because they are fiscal agents of the United States, 42 § 4071(a)(1)...." Allstate is a mere agent of the government, and must adhere to the NFIP regulations in the administration of policy claims. The federal government, however, funds the policies and any claims that arise. Because this case concerns the

5

administration of the plaintiffs' NFIP policy, this Court must decide whether or not a federally-backed policy remained in force and effect, whether federal benefits should be paid upon it, and also whether state law-based damages should be awarded for Allstate's conduct.  Therefore, this matter falls exclusively within federal jurisdiction.  See Wright v. Allstate Ins. Co., 415 F.3d 384, 388-90 (5th Cir. 2005).

C.

Because the defendants properly removed this case to this Court on the correct bases of original jurisdiction and federal question jurisdiction, this Court does not need to consider defendants' novel jurisdictional claims that would allow a non-governmental agency to qualify for removal under 28 U.S.C. § 1442 or a basis for removal arising from any act of Congress regulating commerce under 28 U.S.C. § 1337.  This Court is also not required to address plaintiffs' claim that jurisdiction is not proper due to lack of diversity.

Accordingly, the plaintiffs' Motion to Remand and Request for Attorneys' Fees is DENIED.

New Orleans, Louisiana, September 13, 2006.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE